**Gary BROWN, Petitioner–Appellant,**

v.

**Louis EASTER, Superintendent, Spring Creek Correctional Center, Alaska Department of Corrections, Respondent–Appellee.**

**No. 94–35591.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 8, 1995 *.

Decided Oct. 25, 1995.

---

* The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P.    34(a) and 9th Cir.R. 34–4.

Andrew M. Hemenway, Anchorage, Alaska, for petitioner-appellant.

Nancy R. Simel, Assistant Attorney General, Anchorage, Alaska, for respondent-appellee.

Before: HALL, WIGGINS, and KLEINFELD, Circuit Judges.

WIGGINS, Circuit Judge:

## OVERVIEW

This case considers what record is properly before a federal district court considering a petition for habeas corpus under 28 U.S.C. § 2254. After the petitioner pursued his claims in a direct appeal to the highest state court, the record was expanded in state collateral proceedings, but petitioner procedurally defaulted on the expanded claims by failing to present them to the highest state court in a timely manner. We hold that the proper record for federal consideration is the record as it existed when the petitioner's claims were presented for review by the state's highest court.

## BACKGROUND

Petitioner Gary Brown was convicted in Alaska Superior Court of first degree murder, tampering with physical evidence, and misconduct involving a controlled substance in the fourth degree. After trial, Brown filed a motion for new trial based on newly discovered evidence and ineffective assistance of counsel. The motion was denied after an evidentiary hearing. The Alaska Court of Appeals affirmed, and the Alaska Supreme Court denied Brown's petition for review.

Brown then filed an application for post-conviction relief in Alaska Superior Court. Although the claims raised in that collateral attack were essentially the same claims denied on direct review, the claims were expanded and recast, and an evidentiary hearing was held on certain issues. The superior court denied post-conviction relief, and the Alaska Court of Appeals affirmed. Brown did not, at that time, file an application for review before the Alaska Supreme Court.

Brown then filed a petition for habeas corpus relief in the United States District Court for the District of Alaska. The petition originally contained both exhausted and unexhausted claims. It was subsequently amended to allege ineffective assistance of counsel on the same grounds as in the state court proceedings. At the same time, Brown exhausted his expanded claims by filing a petition for review before the Alaska Supreme Court. That petition, filed 18 months after the Court of Appeals' affirmance, was not accepted for filing.

The district court determined that Brown had properly exhausted his claims to the extent that he was relying on the record developed at his trial and in his new trial motion, but that he had procedurally defaulted on any claims to the extent that they were recast and expanded in the post-conviction relief proceedings in state superior court. Because Brown had showed neither cause nor prejudice that would excuse his procedural default under *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 112 S.Ct. 1715, 118

L.Ed.2d 318 (1992), the district court allowed him to proceed only on the claims as raised in his direct appeal to the Alaska Supreme Court. The district court also denied Brown's request for an evidentiary hearing to supplement the record in federal court with the superior court's findings on collateral review. Ultimately, the district court denied Brown's ineffective assistance of counsel claims on the merits. Brown appeals.

Two issues are presented in this appeal. First, did the district court employ the proper record? Second, did Brown suffer from ineffective assistance of counsel? We find no error regarding the record used by the district court or that court's refusal to hold an evidentiary hearing. We affirm on the merits in a separate unpublished disposition.

## DISCUSSION

### I. DID THE DISTRICT COURT ERR BY CONSIDERING ONLY THE RECORD DEVELOPED ON DIRECT APPEAL?

Brown's procedural default barred the district court from considering the evidence he presented in state habeas proceedings. Even if the district court had discretion to grant an evidentiary hearing and supplement the record, its refusal to do so was not an abuse of discretion because Brown presented the court with no good reason to overlook Brown's procedural default and hold a hearing.

### A. ONLY THE CLAIMS DEVELOPED ON DIRECT APPEAL WERE PROPERLY EXHAUSTED

The district court correctly concluded that the claims that Brown raised on direct appeal and pursued to the Alaska Supreme Court were properly exhausted and could be considered in his federal habeas petition. *See Turner v. Compoy,* 827 F.2d 526, 528 (9th Cir.1987), *cert. denied,* 489 U.S. 1059, 109 S.Ct. 1327, 103 L.Ed.2d 595 (1989). *Turner* held that a prisoner need exhaust only one avenue of relief in state court before

bringing a federal habeas petition; claims are properly exhausted if pursued to the state's highest court on direct review and denied on the merits, even if the prisoner does not seek state collateral review.

The district court was also correct not to adopt the record as developed in state habeas proceedings. Before a federal court reviews claims in a habeas corpus petition, the state's highest court should be given at least one opportunity to review the claims. *Larche v. Simons,* 53 F.3d 1068, 1071 (9th Cir.1995); *see also Harmon v. Ryan,* 959 F.2d 1457, 1461 (9th Cir.1992) (where appeal to the state's highest court is available, failure to seek such review constitutes a procedural default even if review was afforded in the state's lower courts). Because Brown's expanded claims were not presented to the Alaska Supreme Court, that court never had the opportunity to review them. Accordingly, comity concerns militate against the district court's considering the expanded claims.

Brown argues that even if the district court correctly refused to consider the record as it was expanded in state collateral proceedings, the district court should have granted an evidentiary hearing and expanded the record on its own. The district court correctly declined to do this on the basis of *Keeney v. Tamayo–Reyes,* 504 U.S. at 8, 112 S.Ct. at 1719, which adopted the "cause and prejudice" standard for excusing a state prisoner's failure to develop material facts in state court.[1]

Brown has not attempted to show cause for his failure to appeal his state habeas claims to the Alaska Supreme Court. Instead, Brown argues (1) that *Keeney* is distinguishable because in *Keeney,* the prisoner had failed to develop the facts at all in state court, whereas Brown did develop those facts before his procedural default; and (2) that *Keeney* means merely that a hearing is not mandatory; a hearing is still discretionary, and the district court abused its discretion by not granting the hearing.

---

1. Under *Keeney,* a federal evidentiary hearing is not required unless the state prisoner can show "cause for his failure to develop the facts in state-court proceedings and actual prejudice resulting from that failure," or, alternatively, that "a fundamental miscarriage of justice would result from failure to hold a federal evidentiary hearing." *Id.* at 11–12, 112 S.Ct. at 1721.

## B. PROCEDURAL DEFAULT WITH REGARD TO THE EXPANDED CLAIMS IS AKIN TO FAILURE TO DEVELOP THOSE FACTS

Brown argues that *Keeney* should only apply when the facts were not adequately developed in state court; it should not apply when the facts were developed but the prisoner subsequently procedurally defaulted on the expanded claims. Brown argues that in the latter situation, the state factfinding process was not bypassed (federal courts are merely being asked to consider the record as developed in state court); and, furthermore, allowing the federal courts to consider evidence that was previously submitted to state court does not place any additional burden on scarce federal judicial resources.

We reject Brown's attempt to distinguish *Keeney.* The *Keeney* decision placed considerable weight on comity concerns and emphasized the importance of allowing state courts the opportunity to correct their own errors. *Id.* at 9, 112 S.Ct. at 1719. In Brown's case, the errors that might become apparent from the expanded record are errors that the highest court in Alaska never had the opportunity to correct. *Keeney* dictates that federal courts not step in to correct such errors, absent the required showing of cause and prejudice.

## C. EVEN IF A HEARING WAS DISCRETIONARY, THE DISTRICT COURT'S DECISION NOT TO EXERCISE THAT DISCRETION WAS NOT AN ABUSE

Brown argues that the "cause and prejudice" standard in *Keeney* merely determines when a hearing is mandatory, but the district court in this case had discretionary authority to hold an evidentiary hearing. Whether or not this is true, Brown's argument that the district court failed to recognize and exercise its discretion is negated by that court's conclusion that "to the extent this court may have discretion to conduct a hearing despite the failure to show cause, Brown has not advanced any good reason why this court should do so."

Brown next argues that the district court abused its discretion by not granting a hearing. To the extent that the district court *had* discretion to hold a hearing, we would not find an abuse in failing to do so unless the standard set out in *Keeney* was met. To hold otherwise would be to broaden the narrow circumstances under which the Supreme Court has held that a petitioner is entitled to a hearing.

We find no error in the district court's considering only the evidentiary record developed on Brown's direct appeal. We affirm the district court's decision on the merits in a separate memorandum disposition.