**Nathan Lee HOGAN, Petitioner–Appellant,**

v.

**Dan McBRIDE and Pamela Carter, Respondents–Appellees.**

No. 95–1498.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 3, 1995.

Decided Jan. 16, 1996.

Rehearing Denied March 14, 1996.

Nathan L. Hogan, Westville, IN, Petitioner–Appellant, Pro Se.

Thomas D. Quigley, Office of the Attorney General, Indianapolis, IN, for Respondents–Appellees.

Before BAUER, COFFEY, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Nathan Hogan is serving time in Indiana for armed robbery, criminal confinement, and possession of an unlicensed handgun. His petition under 28 U.S.C. § 2254 contends that his convictions are invalid for three reasons: delay in holding the trial violated the speedy trial clause; he did not receive competent legal assistance; and he was denied the right to cross-examine a witness, in violation of the confrontation clause. The district court decided against Hogan on the first two claims. The delay between charge and trial, approximately eight months, is not presumptively prejudicial. See *Doggett v. United States,* 505 U.S. 647, 650–51 & n. 1, 112 S.Ct. 2686, 2690–91 & n. 1, 120 L.Ed.2d 520 (1992). Indiana's statutory speedy-trial rules are not enforceable under § 2254. *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 874–75, 79 L.Ed.2d 29 (1984). Hogan's only basis for impugning the performance of counsel was the attorney's failure to secure him a swift trial, and this contention is unavailing under both branches of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). His submission under the confrontation clause, however, requires additional discussion.

Hogan presented his confrontation argument at trial and on appeal. Both courts rejected it on the merits. His petition for transfer to the Supreme Court of Indiana raised only the speedy trial issue (and the associated protest about the performance of trial counsel). The Supreme Court of Indiana denied the petition. The federal district judge deemed the confrontation claim forfeited under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977),

because Hogan had not asked the state's Supreme Court to hear it.

■ Forfeiture under § 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court. *Coleman v. Thompson*, 501 U.S. 722, 729–44, 111 S.Ct. 2546, 2553–62, 115 L.Ed.2d 640 (1991); *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). Most tribunals with discretionary jurisdiction discourage losing litigants from repeating their claims as a matter of routine; these courts urge counsel to select for presentation important and unsettled issues, rather than every possible claim of error. How does Indiana want litigants to act—to present every issue, or to be selective? The district court did not cite any state cases, and neither did the parties' briefs in this court. The respondents relied entirely on two cases of this court holding that Illinois requires its litigants to present issues to its Supreme Court. See *Mason v. Gramley*, 9 F.3d 1345 (7th Cir.1993); *Nutall v. Greer*, 764 F.2d 462 (7th Cir.1985). Even Illinois does not require this for every kind of issue, and forfeiture is limited to issues that the state insists be raised in its Supreme Court. See *Jenkins v. Gramley*, 8 F.3d 505 (7th Cir.1993). But Hogan's case did not arise in Illinois, and Indiana may have a different approach. We accordingly directed the parties to file supplemental memoranda.

■ Our review of the cases the parties located, and an independent search of Indiana's jurisprudence, leads to the conclusion that the Supreme Court of Indiana does not demand that parties present every claim of error in petitions for transfer. When the sequence in this case—claim raised at trial, resolved on the merits on appeal, and omitted from a petition for discretionary review, followed by a petition for collateral review—occurs, Indiana's courts could take one of three possible approaches: they could (i) resolve the claim on the merits; (ii) refuse to address the claim because it has already been resolved on the merits; or (iii) refuse to address the claim because its omission from the petition for transfer blocks further review. Indiana almost always takes the second approach. "[I]ssues already adjudicated in the appellate process are unavailable to a petitioner for post-conviction relief. An issue that is raised on direct appeal and is determined adverse to appellant's position is *res judicata* in post-conviction proceedings." *Lowery v. State*, 640 N.E.2d 1031, 1037 (Ind. 1994) (citations omitted). Indiana would give the identical answer whether or not the defendant sought transfer following a loss on direct appeal. This understanding is consistent with Ind.App.R. 11(B)(4), which says that "[t]he denial of a petition to transfer shall have no legal effect other than to terminate the litigation between the parties in the Supreme Court." By limiting the grounds for transfer to the Supreme Court of Indiana, Ind.App.R. 11(B)(2) discourages litigants from raising every possible claim of error, which implies that omission is not to be penalized.

■ Just as no federal court would dream of holding an issue forfeited in a petition under 28 U.S.C. § 2255 because the prisoner had not included it in a petition for a writ of certiorari following the direct appeal, so Indiana does not treat an issue as forfeited because omitted from a petition for transfer. The claim was not forfeited; it was resolved on the merits; and when the last state court to address a question reaches the merits without invoking a rule of forfeiture, the question is open on collateral review under § 2254. See *Ylst v. Nunnemaker*, 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991); *Coleman*, 501 U.S. at 732–35, 111 S.Ct. at 2555–57. Indiana recognizes an exception to the approach of *Lowery* for errors said to occur during the appeal itself. If the problem is one the appellate court creates—for example, remanding the case with instructions to hold an erroneously limited hearing, or deciding the case without allowing the parties an opportunity to submit briefs—then the losing side must seek review in the Supreme Court of Indiana. Issues not presented immediately are deemed forfeited. *Pinkston v. State*, 479 N.E.2d 79 (Ind.App. 1985). But Hogan wants to raise an issue of trial error. This was presented and preserved in the way Indiana requires; it was resolved on the merits; it is accordingly open under § 2254.

Remand in this case does not reflect adversely on the district judge, for the genesis of the problem lies in the way this court has expressed the holdings of *Nutall* and its successors. *Nutall* does not discuss the forfeiture law of Illinois. It concludes that defendants in criminal cases must present all claims to state supreme courts, and that failure to do so forecloses review under § 2254. Many cases since, of which *Mason* is only one example, state the proposition in similarly unqualified terms. E.g., *Lostutter v. Peters,* 50 F.3d 392 (7th Cir.1995); *Jones v. Washington,* 15 F.3d 671, 675 (7th Cir.1994); *Zellers v. Duckworth,* 763 F.2d 250, 252 (7th Cir.1985). See also *Brown v. Easter,* 68 F.3d 1209, 1211 (9th Cir.1995). But *Nutall* was decided before the Supreme Court refined the forfeiture doctrine in *Harris, Coleman,* and *Ylst.* These opinions establish that § 2254 asks whether an independent and adequate state ground supports the decision. Forfeiture depends on state law, and it is accordingly essential to know whether the state courts either have held that a procedural misstep is a forfeiture, or would so hold if a collateral attack were filed in state court. If the prisoner has presented his argument to the right courts at the right times—as the states define these courts and times—then the claim is preserved for federal collateral review.

Federal law does not create procedural obstacles if the prisoner has complied with all state rules; but federal law on occasion may relieve prisoners of grounds that states use. It is not enough for a ground to be "independent" (that is, based on state law); it must be "adequate" too, and adequacy has a federal component. *Johnson v. Mississippi,* 486 U.S. 578, 587–89, 108 S.Ct. 1981, 1987–88, 100 L.Ed.2d 575 (1988); *Prihoda v. McCaughtry,* 910 F.2d 1379, 1383–86 (7th Cir.1990). Because a system of discretionary review by a state's highest court is not designed to cure all errors, a defendant does not have a constitutional right to counsel in framing the petition. See *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Cf. *Coleman,* 501 U.S. at 752–57, 111

S.Ct. at 2566–68. Treating an omission from a petition for a discretionary hearing as a conclusive bar to federal review under § 2254 could create a trap for unrepresented prisoners, whose efforts to identify unsettled and important issues suitable for discretionary review would preclude review of errors under law already established. Because Indiana does not treat omissions from such petitions as forfeitures, we need not explore when a state ground is "adequate" to prevent federal review. It should be apparent from this opinion, however, that future litigants cannot read *Nutall* and its successors as absolute bars even in Illinois. In every case the initial question is whether the state demands that the particular kind of issue be presented in a petition for discretionary review, on pain of forfeiture. Because this understanding is inconsistent with the approach of *Nutall,* we have circulated this opinion to all active judges under Circuit Rule 40(e). No judge favored a hearing en banc.

The judgment of the district court is affirmed in part and vacated in part. The case is remanded with instructions to resolve Hogan's confrontation claim on the merits.