103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerald BURKS, Petitioner-Appellant,
v.
Keith NELSON,[1] Respondent-Appellee.
 No. 95-3789.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 25, 1996.*
Decided Nov. 26, 1996.
 
 Before POSNER, Chief Judge, and MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Gerald Burks appeals the denial of his petition for a writ of habeas corpus on the grounds that the district court erred in finding his ineffective assistance of counsel claim procedurally defaulted, and erred in finding against him on three substantive claims. We affirm.
 
 
 2
 In 1980, Burks was found guilty of murder by a jury and sentenced to a 50-year term of imprisonment. Burks appealed to the Illinois Appellate Court raising several claims, among them an ineffective assistance of counsel claim. The Illinois Appellate Court affirmed the trial court's judgment. Burks filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court in which he neglected to raise his ineffective assistance of counsel claim. The Illinois Supreme Court denied Burks' PLA. Burks then sought post-conviction relief in the Illinois courts, but, again, did not raise his ineffective assistance of counsel claim.
 
 
 3
 In June 1995, Burks filed a habeas petition in federal district court asserting, among other things, that he was denied effective assistance of counsel. He argued that at the time of his direct appeal--1982--there was no requirement that an issue be presented to the Illinois Supreme Court in order to preserve that issue for habeas review. The district court held that under the reasoning used in Nutall v. Greer, 764 F.2d 462 (7th Cir.1985), Burks' ineffective assistance claim was procedurally defaulted. On appeal, Burks argues that our decision in Hogan v. McBride, 74 F.3d 144 (7th Cir.1996), overruled the approach used in Nutall, and that under the Hogan approach to analyzing procedural default his claim is not barred from federal review.
 
 
 4
 In Hogan we explained that "[f]orfeiture under § 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court." Hogan, 74 F.3d at 146. Even in 1982, it was clear that under Illinois law a claim raised on direct appeal, but not appealed to the Illinois Supreme Court, was waived. See People v. Frank, 272 N.E.2d 25 (Ill.1971) (where issue is available but not raised on direct appeal, issue is waived from post-conviction review); Ciucci v. People, 171 N.E.2d 34, 36 (Ill.1960) ("[I]t has been held that a defendant has waived any claims which might have been presented on the writ of error but which were not presented.") (citations omitted). Here, although Burks might have presented his ineffective assistance claim to the Illinois Supreme Court, he did not. Thus, that claim is defaulted.
 
 
 5
 On appeal, Burks also raises three substantive claims. First, Burks argues that he was denied a fair trial due to the prosecutor's introduction of improper evidence. Second, Burks argues that his due process rights were violated by the prosecutor's knowing use of perjured testimony. Finally, Burks argues that prosecutorial misconduct denied him a fair trial. We affirm for the reasons stated by the district court.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 During the pendency of this appeal, Keith Nelson replaced Odie Washington as Warden of Dixon Correctional Center. Pursuant to Federal Rule of Appellate Procedure 43(c), this court on its own motion substitutes Keith Nelson as defendant in this action
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a), Cir.R. 34(f)