**UNITED STATES of America ex rel. Aaron WADE, Petitioner,**

v.

**Keith COOPER, Warden, and James E. Ryan, Attorney General of the State of Illinois,[1] Respondents.**

**No. 95 C 6428.**

United States District Court, N.D. Illinois, Eastern Division.

May 29, 1997.

---

1. The only proper party in a collateral attack is the petitioner's custodian. *Hogan v. Hanks*, 97

Aaron Wade, Joliet, IL, pro se.

Arleen C. Anderson, Penelope Moutoussamy George, Attorney General's Office, Chicago, IL, for Respondents.

F.3d 189, 190 (7th Cir.1996). The attorney general is therefore dismissed.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the Court on Aaron Wade's petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition is denied.

### I. BACKGROUND

In September of 1993, Petitioner Aaron Wade and his brother Alvin Wade were found guilty following a bench trial of the 1986 murder (in the first degree) of Neal Wallace. Wade was sentenced to 35 years in prison.

His conviction and sentence were affirmed on appeal. He petitioned the Illinois Supreme Court for leave to appeal, but the court denied his petition. Wade neglected to pursue any collateral attacks on his conviction through the state system.

He now attacks his conviction in the federal courts pursuant to 28 U.S.C. § 2254.

### II. HABEAS CORPUS

■ A federal court may grant habeas relief if the petitioner demonstrates that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).[2] Supplementing that general standard, however, is the corollary that habeas relief may *not* be granted unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Section 2254(d)(1)'s reference to clearly established federal law "as determined by the Supreme Court" means that the court "must look *exclusively* to Supreme Court caselaw in reviewing a petitioner's claim." *Sweeney v. Parke*, 113 F.3d 716, 718 (7th Cir.1997) (emphasis added).

■ Before a federal court reviews a habeas petition, however, the petitioner must (1) exhaust all remedies available in state courts; and (2) fairly present any federal claims in state court first, or risk procedural default. *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir.1997).

With those general standards in mind, the court will address Wade's arguments.

### III. DISCUSSION

Wade offers four arguments in support of his attack on the state-court murder conviction. Each argument will be addressed in turn.[3]

#### A. Confrontation Clause [4]

Wade and his brother shot Wallace several times in the head, neck, and shoulder. The shooting occurred outside at a gas station "mini-mart" complex. The manager of the complex—Robert Williams—heard the gunshots. He ran outside and saw Wallace on the ground. Williams asked Wallace who shot him. Wallace replied: "the Wade boys did it to me." Wallace's statement was admitted at trial under the excited utterance exception to hearsay. Wade does not contest the admissibility of the statement.

---

**2.** Section 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 is applicable to this case. *Lindh v. Murphy*, 96 F.3d 856 (7th Cir.1996), *cert. granted,* —— U.S. ——, 117 S.Ct. 726, 136 L.Ed.2d 643 (1997).

**3.** The State expressly conceded on page three of its answer that Wade exhausted available state remedies since he no longer has a right to raise his arguments in the state courts. *See* 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to

have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.").

**4.** The State has not asserted the procedural default defense with respect to this issue. *See Gomez v. Acevedo*, 106 F.3d 192, 196 n. 4 (7th Cir.1997) (if the State does not assert the procedural default defense, it is waived).

Wallace had some more things to say before he died, however. Shortly after Wallace made the statement to Williams he spoke to a police officer. The police officer asked Wallace what happened. Wallace said that he did not know the identity of the individuals who shot him; he stated that three unknown black males did it. Wallace also said that he "would handle the situation" himself. The statements to the officer were not admitted at trial. Wade argues that the failure to admit the statement that "unknown" individuals were involved—which, of course, contradicts Wallace's first statement that the "Wade boys did it"—resulted in a constitutional violation.[5]

The Court agrees.

The Confrontation Clause of the Sixth Amendment "provides that in all criminal prosecutions, an accused has the right to be 'confronted with the witnesses against him.'" *United States v. Hamilton,* 107 F.3d 499, 503 (7th Cir.1997). The protection granted by the Confrontation Clause, however, is much broader—as is the case with many constitutional provisions—then its plain language suggests. In *Delaware v. Van Arsdall,* 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986), the Supreme Court held that a violation of the Confrontation Clause occurs if the defendant is:

> prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby to expose to the jury the facts from which jurors could appropriately draw inferences relating to the reliability of witnesses.

*Id.* at 680, 106 S.Ct. at 1436 (quoting *Davis v. Alaska,* 415 U.S. 308, 318, 94 S.Ct. 1105, 1111, 39 L.Ed.2d 347 (1974)).

In a matter somewhat similar to the instant case, the Seventh Circuit extended the principles espoused in *Van Arsdall* to inconsistent statements made by an unavailable hearsay declarant. In *Smith v. Fairman,* 862 F.2d 630, 633 (7th Cir.1988), Edward Boyle, upon observing his aunt lying on a bed bleeding from the chest, stated to a police officer, "I can't believe Greg Smith did it." Boyle died before Smith was tried. *Id.* The statement was admitted as an excited utterance or spontaneous declaration. *Id.* The trial court, however, refused to admit a statement Boyle made to Smith's mother in which he indicated that he was not sure who he had seen on the night of the murder. *Id.* at 633–34. The court found that refusing to admit the contradictory statement Boyle made to Smith's mother resulted in a constitutional violation because it was analogous to a court refusing to admit "'otherwise appropriate cross-examination' designed to place in question the credibility of an unavailable hearsay declarant." *Id.* at 638.

Similarly, the Court finds that refusing to admit Wallace's statement to the police officer that three unknown black individuals shot him resulted in a violation of Wade's constitutional rights as protected by the Confrontation Clause. The failure to admit the contradictory statement prevented Wade from impeaching the credibility or reliability of the unavailable hearsay declarant, i.e., it deprived Wade of his only chance[6] to place before the trier of fact a legitimate question as to the truth of Wallace's prior hearsay declaration that the "Wade boys did it."[7] *See id.*

---

**5.** The Illinois appellate court merely addressed whether the statements to the officer also qualified as an excited utterance. It failed to discuss the constitutional aspect of the argument.

**6.** There is no indication by either party as to whether Wade had any other evidence to impeach Wallace's credibility. Accordingly, the court presumes the inconsistent statements were all that was available.

**7.** The State concedes that Wade's argument has some validity assuming he requested before the trial court the admission of the statement based

on a Confrontation Clause theory. The State, however, says that it found no evidence of a request based on the Confrontation Clause. The State has not presented any evidence—such as transcripts of the proceedings—that support its assertion, however. Wade says the Confrontation Clause theory was before the trial court. Indeed, his briefs on appeal base the argument for admission of the statement on the Confrontation Clause. The appellate court neglected to address the Confrontation Clause argument, though. The court will give Wade the benefit of the doubt.

Merely because the court concludes that a constitutional violation occurred, however, does not mean that Wade is entitled to relief under § 2254. As discussed earlier, under the new version of § 2254, relief is available only if the trial court's ruling refusing to admit the statement was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Thus, although Wade clearly has the Seventh Circuit on his side, in order to be cognizable under § 2254, he must point to Supreme Court case law that recognizes the constitutional violation. *See Yancey v. Gilmore,* 113 F.3d 104, 106 (7th Cir.1997) ("We may no longer rely upon our own precedent to grant a writ of habeas corpus. * * * [W]ithout a Supreme Court case to support his claim, [petitioner] cannot satisfy the requirements of § 2254(d)(1).").

Section 2254(d)(1)'s "Supreme Court case law" requirement raises an interesting issue: how similar does the Supreme Court case need to be such that the instant constitutional violation qualifies as "contrary to" or "involved an unreasonable application of" such precedent? Is it enough for the Supreme Court to enunciate a broad, general constitutional principle which could apply in a wide variety of cases? Or, do the facts in the Supreme Court case need to be similar to the facts in the instant case to satisfy § 2254(d)(1)? Arguably, the more the facts diverged between the two cases, the more likely the trial court's error could be viewed as an understandable or not an unreasonable error even though its decision was contrary to or infringed a broad constitutional principle.

■ The Seventh Circuit's *Smith* decision—which is factually similar to the instant case—involved the extension of the broad principles espoused in the Supreme Court's *Van Arsdall* and *Davis* decisions. The facts in *Smith,* however, differed greatly from the facts in *Van Arsdall* and *Davis.* Indeed, for starters, neither of the Supreme Court cases concerned an unavailable hearsay declarant.

But, the principle underlying the three cases is similar—a Confrontation Clause violation ensues if the criminal defendant is prohibited from cross-examining a witness in order to impeach his credibility. Thus, if *Smith* would have been decided under the new version of § 2254, would the trial court's decision to exclude the inconsistent statement from an unavailable hearsay declarant qualify as a ruling "contrary to" or as an "unreasonable application of" Supreme Court precedent?

The court is inclined to answer that question in the affirmative. In short, the court believes that the unfairness to a criminal defendant by refusing to admit the contradictory hearsay statement is readily apparent and the application of Supreme Court precedent—as the Seventh Circuit employed in *Smith*—regarding the general rights secured by the Confrontation Clause to the situation where the hearsay declarant is unavailable is a logical, reasonable extension or application of such clearly established law.[8]

Regardless, the court has another reason for finding that Wade satisfies § 2254(d)(1)'s "Supreme Court case law" requirement. Believe it or not, there is a Supreme Court case from 1897 factually similar to the instant case. In *Carver v. United States,* 164 U.S. 694, 17 S.Ct. 228, 41 L.Ed. 602 (1897), the defendant shot a woman in the back. Death was imminent. Prior to her death, however, the woman stated that the defendant shot her intentionally. *See id.* at 697, 17 S.Ct. at 229–30. Although hearsay, the statement was admitted as a dying declaration. *Id.* The trial court, however, refused to admit statements made by the woman that contradicted her dying declaration by tending to show that the defendant did not shoot her intentionally. *Id.* Although the Supreme Court did not mention the Confrontation Clause, it held that the statements were admissible because they tended to impeach the credibility of the unavailable hearsay declarant. *Id.* Accordingly, the court finds that Wade satisfied § 2254(d)(1)'s "Supreme Court case law" requirement.

**8.** But, is the extension of a well-recognized constitutional principle to a situation factually divergent from relevant precedent enough to qualify

as "clearly established Federal law as determined by the Supreme Court of the United States?"

■ Just because a constitutional error occurred, however, does not mean that Wade is entitled to relief under § 2254. Indeed, the error is subject to review under the harmless error doctrine. *Smith,* 862 F.2d at 638. The harmless error doctrine asks whether the constitutional error "had substantial and injurious effect or influence in determining" the verdict. *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993).

Here, the court must conclude that the error was indeed harmless. The judge—this was a bench trial—heard the testimony of two eyewitnesses who fingered the Wade boys. The judge found the witnesses credible. Thus, because the judge found the witnesses credible, the fact that he failed to admit Wallace's contradictory statement was unlikely to have any impact on his decision. Or, in other words, the court cannot conclude that the admission of the contradictory statement would have influenced the judge's verdict.

The preceding discussion, of course, presumed that the trial judge did *not* consider Wallace's contradictory statement. That may be an inaccurate presumption, however. It is true that during a bench trial a judge is "presumed to have considered only relevant and admissible evidence in reaching its factual findings." *United States v. Miller,* 800 F.2d 129, 136 (7th Cir.1986). Here, however, during deliberations, the trial judge stated: "Then there is the victim himself who apparently was going to take care of things by himself." Remember, Wallace's full statement was something like: "three unknown black individuals shot me, I'll take care of it myself."

Thus, did the trial judge consider the statement even though he concluded that it was inadmissible? If he did, then certainly the error of concluding that it was inadmissible was harmless since he considered it and still found Wade guilty. Arguably, however, he considered only the second part of the statement—"I'll take care of it myself"[9]—

and the presumption that he did not consider the evidence he found inadmissible still applies to the first part of the statement—"three unknown black individuals shot me."

Regardless of whether he considered the statement, the court, as discussed above, concludes that the failure to consider the statement resulted in harmless error. Accordingly, Wade's first argument provides no basis for habeas corpus relief.

**B.  Consideration of Inadmissible Testimony** [10]

■ Wade's second argument is that the trial judge, as discussed above, considered the second part of Wallace's contradictory hearsay statement—"I'll take care of it myself"—even though the judge found the entire statement to be inadmissible; thus, depriving him of a fair trial.

The court is somewhat perplexed by the argument since it is difficult to envision how any prejudice could result if the judge did in fact consider only the second part of the statement. In other words, how could the consideration of the statement "I'll take care of it myself" hurt Wade's case? Indeed, the statement does not implicate Wade. Thus, any error would certainly be harmless. Wade's second argument is clearly a loser.

**C.  Ineffective Assistance of Counsel**

Next, Wade argues that trial counsel was ineffective for failing to locate a witness—namely, Willie James. The State first argues that Wade forfeited the argument, i.e., procedurally defaulted, by failing to raise it in his petition for leave to appeal before the Illinois Supreme Court.

The State's argument is well-founded in Seventh Circuit case law. However, recent Seventh Circuit decisions essentially overruled that line of reasoning. Indeed, in *Gomez v. Acevedo,* 106 F.3d 192 (7th Cir.1997), the court noted that in the past a habeas petitioner was required to "present his or her

---

**9.** Wade's second argument in his § 2254 petition is that the judge considered only the second part of the statement; thus, depriving him of a fair trial.

**10.** The State has not asserted the procedural default defense with respect to this issue.. *See* footnote 4.

claim to a state's highest court before petitioning for federal habeas relief," but the "more recent and more considered view has been to look to state law to see how the state defines and treats procedural missteps." *Id.* at 196 (citing *Hogan v. McBride,* 74 F.3d 144, 146–47 (7th Cir.1996)). In other words, because "[f]orfeiture under § 2254 is a question of a state's internal law," *Hogan,* 74 F.3d at 146, failure to present a claim to the Illinois Supreme Court will qualify as a procedural default or forfeiture in a federal habeas action only if the state views the "procedural flaw as a forfeiture of further review." *Gomez,* 106 F.3d at 196. This is so because "§ 2254 asks whether an independent and adequate state ground supports the decision," *Hogan,* 74 F.3d at 147; if state law views the failure to present the claim to the highest court as a forfeiture, then an independent and adequate state ground exists which bars federal habeas relief.

Accordingly, since Wade raised the ineffective assistance of counsel only in the appellate court—but not in his petition for leave to appeal before the Illinois Supreme Court [11]—the court must look to Illinois law to determine if he forfeited the issue. In *Gomez,* the court held that Illinois does not treat the failure to raise issues in a petition for leave to appeal to the supreme court as a forfeiture. *Gomez,* 106 F.3d at 196. Thus, it would appear that the issue was not forfeited.[12] However, seventeen days after *Gomez*

was decided, the Illinois Supreme Court rendered its opinion in *City of Naperville v. Watson,* 175 Ill.2d 399, 222 Ill.Dec. 421, 677 N.E.2d 955 (1997). In that case, the court stated that "[a] party's failure to raise an argument in the petition for leave to appeal may be deemed a waiver," i.e., a forfeiture, of that argument. *City of Naperville,* 222 Ill. Dec. 421, 677 N.E.2d at 959. Thus, perhaps Wade did forfeit the issue.[13]

■ Regardless, because Wade's ineffective assistance of counsel claim is meritless, the court need not determine the forfeiture issue. "It is well established under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that to succeed on an ineffective assistance claim, a defendant must establish both that trial counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the outcome of the proceedings." *United States v. Cooke,* 110 F.3d 1288, 1299 (7th Cir.1997). Because the court finds that Wade was not prejudiced by the alleged deficient performance, the court need not determine whether counsel actually performed deficiently.

Wade argues that counsel performed deficiently for failing to locate Willie James. According to the argument made to the Illinois Appellate Court, James would have testified that he saw three *unknown* individuals fleeing from the scene of the murder.[14] As-

---

**11.** Wade did not file any collateral challenges in the state courts.

**12.** Similar to the situation in *Gomez,* Wade could not have raised the ineffective assistance of counsel claim in a state post-conviction proceeding since he already raised the issue on direct review; thus, a *res judicata* rationale prevented collateral litigation of the issue. *See Gray v. Greer,* 707 F.2d 965, 967 (7th Cir.1983) ("An issue raised on direct appeal from a conviction is *res judicata* in a subsequent Illinois post-conviction petition.").

**13.** To avoid a procedural default, the petitioner must also "fairly present" his constitutional claims to the state courts; this means that he must: (1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying constitutional analysis; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a pattern of facts that is well within the mainstream of

constitutional litigation. *McGowan v. Miller,* 109 F.3d 1168, 1172 (7th Cir.1997). The State makes no argument that Wade failed to "fairly present" his constitutional claims to the state appellate court; accordingly it has waived this aspect of the procedural default doctrine.

**14.** In his § 2254 motion, Wade argues that James would have testified to seeing two, not three, individuals fleeing from the scene. In his brief to the appellate court, however, he stated that James saw three individuals fleeing. Wade has not provided the court with a reason as to how the number of individuals suddenly changed from three to two. Thus, the court, like the state appellate court, will presume that James would have testified to the number of individuals as three, not two. *See Pitsonbarger v. Gramley,* 103 F.3d 1293, 1297 (7th Cir.1996) ("[F]actual determinations made by the state courts are presumed to be correct; this presumption may now be rebutted only be clear and convincing evidence.") (citing 28 U.S.C. § 2254(e)(1)).

suming James would have testified, the court fails to see how such testimony would have helped Wade. Other witnesses provided similar testimony. Accordingly, no prejudice resulted from the alleged deficient performance on the part of trial counsel for failing to locate James.

### D. Sufficiency of the Evidence

Finally, Wade offers one last argument to attack his murder conviction. He claims that the evidence was insufficient to convict him beyond a reasonable doubt. The argument is a clear loser.[15]

As Wade concedes in his petition, the testimony of a single witness is sufficient to support a conviction. Wade does nothing more than attack the credibility of the witnesses who fingered him or provided damaging testimony. "Federal courts do not reevaluate the credibility of witnesses when conducting habeas review of state trials." *Stone v. Farley,* 86 F.3d 712, 718 (7th Cir. 1996). Wade's argument warrants no further discussion.

### IV. CONCLUSION

The petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

---

**15.** The procedural default analysis employed when discussing the ineffective assistance of counsel claims applies with respect to the instant argument. Because, the argument is a clear loser, the court need not resolve the procedural default issue.