114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James P. CLAYTON,* Petitioner-Appellant,
v.
Jerry GILMORE, Respondent-Appellee.**
 No. 94-2167.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 1, 1997.***
Decided May 15, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied July 14, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Petitioner James P. Clayton appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Clayton was convicted of one count of home invasion and six counts of armed robbery in Illinois state court. (He was originally convicted of seven counts of home invasion, but the Illinois Appellate Court overturned six of the convictions on direct appeal. This ruling is not relevant to the instant case.) Following proceedings in the state court system, he brought a petition for a writ of habeas corpus in the district court challenging his sentence and conviction. In August 1991, the district court granted his petition in part, ruling that his sentence was unconstitutional. In 1992, the district court (with a different judge presiding) denied Clayton's remaining habeas corpus claims. Judgment was ultimately entered in 1994, and Clayton filed a timely appeal. It is this appeal that is now before us. (Note: In the meantime, the state court has resentenced Clayton to concurrent terms of 28 years for home invasion and 10 years for each of the six attempted armed robbery convictions. Those sentences are not before this court.) Also before this court is Clayton's motion to supplement the record with certain records from the state trial court.
 
 
 2
 In his habeas corpus petition, Clayton made several claims as to why his conviction should be overturned. First, he alleged prosecutorial misconduct based upon improper remarks made during closing argument and because the prosecutor offered in the presence of the jury to stipulate to the admission of inadmissible police reports. Second, he claimed that the judge's and prosecutor's referring to him by his aliases was prejudicial. Third, he asserted that he was denied effective assistance of trial counsel. Fourth, Clayton contended that the prosecution withheld evidence. Fifth, he took issue with the trial court's denial of his motion for substitution of judges. Sixth, he asserted that the state failed to prove all the elements of his crimes beyond a reasonable doubt. The district court concluded that Clayton could not prevail upon any of these claims and denied the petition. We affirm.
 
 
 3
 If a petitioner does not present a claim in the way required by the state, then the state court's rejection of the claim on this basis is an independent ground of decision that generally bars collateral review of the claim by a federal court. Coleman v. Thompson, 501 U.S. 722, 729-44 (1991); Hogan v. McBride, 74 F.3d 144, 146 (7th Cir.1996). (In order to bar a federal court review, the state's ground for rejecting the claim need not only be independent, however, it also needs to be adequate (i.e. it must not, as a matter of federal law, unfairly prevent criminal defendants from presenting their claims), Hogan, 74 F.3d at 147, but in the instant case we are not presented with an issue of whether any of the independent grounds upon which the state court relied were inadequate--they clearly were adequate.). In such a case, the petitioner has "procedurally defaulted" his claim. However, a federal court will excuse a petitioner's procedural default and reach the merits of the claim if he can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).
 
 
 4
 In the present case, the Illinois appellate court ruled on direct appeal that Clayton forfeited his argument regarding the use of aliases by neither objecting at trial nor raising the issue in a post-trial motion. As for his argument based upon the denial of his motion for substitution of trial judges and his claim that the prosecution did not prove the elements necessary for a robbery conviction beyond a reasonable doubt, Clayton failed to raise these arguments on direct appeal. Therefore, he is barred by Illinois law from subsequently asserting these arguments. Illinois v. Burrows, 665 N.E.2d 1319, 1327-28 (Ill.1996). Thus, he has procedurally defaulted each of these claims and we are barred from reaching the merits unless Clayton can show a basis to excuse his default.
 
 
 5
 Clayton does not assert that a fundamental miscarriage of justice occurred with regard to any of these claims. We therefore limit our inquiry to whether he has shown cause and prejudice. Clayton does not even attempt to assert cause for failing to raise his claim regarding the admission of aliases at trial; he asserts that he raised this claim in a pro se post-trial motion and that the Illinois court refused to address it. He had already procedurally defaulted the claim and cannot assert a right to raise the claim in federal court on the ground that Illinois followed its own rules regarding the preservation of claims.
 
 
 6
 We turn to his claim of error in the denial of his motion for substitution of trial judges. Whether he had a right to have a substitution of judges was a matter of state law, and as Clayton has not indicated what federal constitutional or statutory right was implicated, this claim is not cognizable in a petition for habeas corpus. 28 U.S.C. § 2254(a). In addition, he has not satisfied the cause and prejudice standard for excusing his procedural default, so that even if there were a federal issue here, it was appropriate for the district court to refuse to reach the merits.
 
 
 7
 Turning to Clayton's claim that the prosecution failed to prove the elements of armed robbery beyond a reasonable doubt, he assigns as cause for his failure to raise this issue in the state court the ineffective assistance of appellate counsel. If appellate counsel's failure to raise this issue fell below the constitutionally required level of assistance, then this would provide sufficient showing of cause for Clayton's procedural default. Coleman, 501 U.S. at 754. We doubt that counsel's performance was deficient: appellate counsel need not raise every conceivable issue on appeal and a decision to omit a weak issue may be a sound strategic choice. We need not evaluate appellate counsel's performance, however, for we conclude that even if such were cause for Clayton's default, he has not made a persuasive argument that he suffered prejudice, which requires Clayton to establish that the result of the proceeding would have been different but for counsel's error. Stewart v. Lane, 60 F.3d 296, 303 (7th Cir.1995). We read Clayton's cryptic assertions as attempting to reargue the facts of the case and the weight that should be given to certain pieces of evidence, an argument that clearly would not have been persuasive on direct appeal. As such, this claim is also barred.
 
 
 8
 We now examine the claims that Clayton has not defaulted. A petitioner is entitled to a writ of habeas corpus on a claim that the state court adjudicated on the merits only if the state court's adjudication:
 
 
 9
 (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
 
 
 10
 (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
 
 
 11
 28 U.S.C. § 2254(d). This standard, which was established by legislation effective April 24, 1996, applies to cases, such as this one, in which the petitioner filed his petition prior to that date. Lindh v. Murphy, 96 F.3d 856, 865 (7th Cir.1996) (en banc ), cert. granted in part, 117 S.Ct. 726 (1997) (No. 96-6298), and argued April 14, 1997. The Illinois Appellate Court reached the merits of each of Clayton's claims that was not defaulted. Illinois v. Morrison, 484 N.E.2d 329 (Ill.App.1985). We examine the court's decision in light of the standard in § 2254.
 
 
 12
 Clayton claims that he was denied due process because the prosecutor, during closing argument, made remarks to the effect that defense counsel had made misrepresentations to the jury, made arguments not based upon the evidence, misstated the law, and made other improper remarks. He also asserts that the prosecutor offered to stipulate to the existence of inadmissable police reports in front of the jury. The state court found that the prosecutor's closing remarks were within the bounds of proper argument. Morrison, 484 N.E.2d at 340. The court held in the alternative that Clayton had waived this claim by failing to timely object, or that, even if improper, the remarks did not constitute a material factor in the jury's verdict in light of the overwhelming evidence of guilt. Id. With regard to the prosecutor's offer to stipulate to inadmissable evidence, the court stated that such offers are improper. However, the court concluded that the trial court's sustaining the defendant's objections to the offer and its other instructions to the jury were sufficient to cure any harm. Id. at 337.
 
 
 13
 The state appellate court based its factual conclusions upon the trial record. Its findings on these matters are not in dispute. Moreover, it is clear that the court's holding was not contrary to any Supreme Court decision. Therefore, Clayton can only obtain relief if the state court misapplied federal law. Hennon v. Cooper, 1997 WL 114438, at * 4 (7th Cir. March 14, 1997).
 
 
 14
 A due process violation based upon the prosecutor's improper arguments and statements occurs only if such "is likely to have swung the jury against the defendant." Id.; see Darden v. Wainwright, 477 U.S. 168, 181 (1986). Here, based upon our examination of the trial evidence, as recited in the state appellate court's opinion, Morrison, 484 N.E.2d at 333-34, we conclude that state court's decision was not an unreasonable application of federal law. Neither was it unreasonable for the court to conclude that in light of curative action by the judge, the prosecution's improper offer to stipulate to evidence was not sufficiently harmful to Clayton's case to require reversal. The court cited the evidence that was adduced at trial and noted that it overwhelmingly supported a guilty verdict. Its conclusion that in light of such evidence the remarks in question did not have a colorable effect on the jury was not unreasonable.
 
 
 15
 Clayton next claims that he received ineffective assistance of counsel at trial. The appellate court noted that counsel "presented comprehensive opening and closing arguments on behalf of his client, conducted extensive cross-examination, made numerous timely objections at trial, and argued vigorously at the sentencing hearing in mitigation." Morrison, 484 N.E.2d at 338. Based upon this evidence, the court concluded that counsel had not performed inadequately; it also concluded that Clayton had suffered no prejudice. Id. Given that "[j]udicial scrutiny of counsel's performance must be highly deferential," Strickland v. Washington, 466 U.S. 668, 689 (1984), and because our review in a federal habeas petition of a state court's determination of the merits of a claim provides great leeway, Hennon, 1997 WL 114438, * 5, Clayton faces a particularly high hurdle on this claim. His general and often incomprehensible allegations regarding his attorney's performance do not meet this difficult standard. Applying the standards of § 2254(d), we conclude that Clayton has not made a sufficient showing on this matter to warrant the issuance of a writ of habeas corpus.
 
 
 16
 Clayton's next claim is that the prosecution withheld evidence, specifically expert finger print analysis and the notes of two of the detectives who investigated the crime. The state court found that the record was "void of any evidence that such notes or test results were ever in existence." Morrison, 484 N.E.2d at 337. The district court indicated that there was evidence that the notes that Clayton refers to existed, citing the fact that during cross-examination one of the police officers who made an on-the-scene investigation, "alluded to notes he gave another officer in completing the police report." Therefore, we conclude that the state court's finding of fact on this matter was not reasonable. 28 U.S.C. § 2254(d)(2). While there is no evidence that the fingerprint tests were ever performed, the state court's cursory discussion of this issue coupled with the fact that this case is over eleven years old makes us reluctant to conclude that the fact that they cannot now be located means that they never existed. This does not change the outcome, however, for Clayton is not entitled to federal habeas relief even if both of these pieces of evidence were in existence and withheld from him unless such resulted in a violation of federal constitutional or statutory law. 28 U.S.C. § 2254(a).
 
 
 17
 The prosecutor's failure to affirmatively disclose evidence to the defense results in reversible error only if the evidence is favorable to the accused and it is material (i.e. " 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different' "). Kyles v. Whitley, 115 S.Ct. 1555, 1565 (1995) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985) (plurality opinion)). The burden is on Clayton to establish this. United States v. Morris, 80 F.3d 1151, 1169 (7th Cir.1996). He has not done this with regard to the notes or the fingerprint tests.
 
 
 18
 Clayton claims that the finger print tests would show that the guns used in the crime had been handled by one or more of the victims. However, the state court's rendition of the evidence at trial indicates that one of the victims had taken Clayton's gun away from him and was holding it when the police arrived, and that another victim and one of Clayton's co-defendants struggled for possession a different gun. Therefore, the fingerprint evidence could not have proved anything that was not established at trial anyway and would not have helped Clayton's case. As far as the detectives' notes, Clayton alleges in broad terms that the prosecution had the witnesses change their stories at trial and that the notes could have been used as impeachment. However, he has not specified which statements were in question and how these affected his case. Arguments made at this level of generality do not establish materiality as required to state a constitutional claim.
 
 
 19
 Clayton's final argument is that the prosecution failed to prove beyond a reasonable doubt that he was not a peace officer acting in the line of duty or that he was acting without authority when he committed his crime. The state appellate court concluded that the circumstantial evidence was sufficient for a reasonable jury to find Clayton guilty. Due process requires the state to prove each element of the crime beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364 (1970). Circumstantial evidence can be used to satisfy this requirement. Holland v. United States, 348 U.S. 121, 138 (1954). In the present case, it was not unreasonable for the state court to conclude that the circumstantial evidence presented at trial was sufficient for the jury to conclude beyond a reasonable doubt that Clayton was neither a peace officer nor had authority to enter the premises when he committed these crimes. Therefore, Clayton is not entitled to a writ of habeas corpus on this claim.
 
 
 20
 While the above discussion indicates that a writ should not issue under the standard required under legislation effective April 24, 1996, which requires federal courts to give deference to state courts' adjudication of issues of federal law, we wish to note that our independent examination of the state court record leads us to conclude that in the present case even under the more lenient standards that applied prior to April 24, 1996, we would have affirmed the district court's denial of Clayton's petition.
 
 
 21
 The district court's order denying the petition for a writ of habeas corpus is AFFIRMED and Clayton's motion to supplement the record on appeal is DENIED.
 
 
 
 *
 In his opening brief to this court, Clayton purports to be representing Tommie Newton-Clayton and Edward Stokes in addition to himself. Newton-Clayton's, Stokes' and Clayton's petitions for writs of habeas corpus were consolidated in the district court. However, only Clayton's case is before us in the instant appeal. We note that there is nothing in the record indicating that Clayton is an "an attorney admitted to practice in this court ..." and therefore he could not represent these other parties on appeal even if their cases were properly before us. Cir.R. 46
 
 
 **
 Clayton originally named as respondents four persons, including the Attorney General of Illinois. Clayton's current custodian is Jerry Gilmore, the warden of Pontiac Correctional Center; he is the proper respondent in this case. 28 U.S.C. § 2254, Rule 2(a). The court therefore substitutes him as respondent-appellee in the instant case. Fed.R.App.P. 43(b); Cir.R. 43
 
 
 **
 * After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)