142 F.3d 439
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Bruce KEENER, Petitioner-Appellant,
v.
Kenneth P. DOBUCKI, Respondent-Appellee.
 No. 97-2223.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 23, 1998*.
Decided May 5, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 2531 James F. Holderman, Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. FRANK H. EASTERBROOK, Hon. DIANE P. WOOD, Circuit Judges.
 
 Order
 
 1
 Bruce Keener is serving time in Illinois for home invasion, armed robbery, and residential burglary. He believes that a photo array shown to the victim was unduly suggestive and that his lawyer rendered ineffective assistance by not doing more to contest the use of identification evidence. These claims have been rejected by Illinois courts--the former on the merits and the latter on the ground that Keener forfeited his opportunity to challenge the quality of his legal assistance when he did not raise the subject on direct appeal. People v. Keener, 275 Ill.App.3d 1, 211 Ill.Dec. 391, 655 N.E.2d 294 (2d Dist.1995). On petition for collateral review under 28 U.S.C. § 2254, the district court refused to respect the state court's forfeiture holding, deeming it an unexpectable if not freakish application of state law, but rejected both of Keener's claims on the merits. 1997 U.S. Dist. LEXIS 4323. The district judge declined to issue a certificate of appealability under 28 U.S.C. § 2253, but a judge of this court did so, limiting the certificate to the ineffective-assistance issue. Keener ignored the limitation when drafting his brief, but we see no reason to expand the certificate of appealability. The only issue before us on appeal therefore is whether Keener received ineffective assistance of counsel at trial.
 
 
 2
 The district court did not cite any recent decision of the Illinois appellate courts entertaining an ineffective-assistance challenge under circumstances of the kind now presented, and therefore did not lay the foundation for disregarding what appears to be an independent and adequate state ground of decision. A state's application of a forfeiture rule may be called inadequate if it is hostile to the federal right in question or its application could not have been anticipated, Liegakos v. Cooke, 106 F.3d 1381, 1385 (7th Cir.1997), but the approach taken by the state court in this case is the norm in Illinois, see People v. Erickson, 161 Ill.2d 82, 87-88, 204 Ill.Dec. 231, 641 N.E.2d 455 (1994), and far from being hostile to federal interests is identical to the approach this court uses to decide whether ineffective-assistance claims have been forfeited. See Guinan v. United States, 6 F.3d 468 (7th Cir.1993). If a defendant represented by new counsel on direct appeal believes that the trial record is itself sufficient to demonstrate ineffective assistance, then the claim must be raised immediately. It may be deferred, however, if the accused needs to supplement the record in order to sustain the challenge. The state court observed that in the collateral proceedings Keener had not attempted to supplement the record. He took the position that the original trial record contained all that was necessary to establish ineffective assistance. After concluding that "The original appellate record was sufficient to support an argument that defendant's trial attorney may have been ineffective" (211 Ill.Dec. 391, 655 N.E.2d at 298) the state court held that Keener lacked justification for waiting. We have no basis for gainsaying this application of state law. See Coleman v. Thompson, 501 U.S. 722, 730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Hogan v. McBride, 74 F.3d 144, 147 (7th Cir.1996).
 
 
 3
 Even if we did, Keener could not succeed. For here, as in the state court, Keener limits his arguments to the original record and thereby makes it impossible to prevail. A week after the home invasion the police showed the victim a photo spread. She made a tentative identification of a person other than Keener. When shown a videotape of the person whose photo she had selected, she told the police that this was not the man. After looking through a second and larger photo spread, the victim selected Keener. She selected him a second time from a spread of larger and clearer photos. The victim testified that after making this selection the police "had a lot of interesting--just a lot of information to tell me." Counsel did not follow up on what this information was, an omission Keener now assails as ineffective. But unless we know what this "interesting" information was, it is impossible to condemn counsel's strategy or to attribute prejudice to the decision. Maybe the information would have offered some way to undermine the identification, maybe not. So long as the record is silent, the presumption of effectiveness carries the day. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)