151 F.3d 1032
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Steve HARVEY, Petitioner-Appellant,
v.
Thomas P. ROTH, Respondent-Appellee.
 Nos. 97-3474, 97-3594.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 30, 1998.
Decided June 17, 1998.
 
 Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 3992, Charles P. Kocoras, Judge.
 Before Hon. FRANK H. EASTERBROOK, Hon. KENNETH F. RIPPLE, Hon. DIANE P. WOOD, Circuit Judges.
 
 Order
 
 1
 Steve Harvey commenced this collateral attack under 28 U.S.C. § 2254 to obtain relief from his 30-year sentences for armed robbery and aggravated battery. The district court denied his petition and declined to issue a certificate of appealability. We now issue such a certificate, limited to the question whether Harvey received ineffective assistance of counsel (his other contentions do not meet the statutory standard of a "substantial" constitutional claim, 28 U.S.C. § 2253(c)(2)), and summarily reverse the district court's decision.
 
 
 2
 The district court did not reach the merits of Harvey's ineffective-assistance claim, concluding that it had been forfeited not only because it was not presented on direct appeal in state court, but also because Harvey did not perfect an appeal from the order denying his state petition for collateral relief. This disposition entails multiple difficulties, first among them the fact that we do not know whether the state court to which Harvey presented his collateral attack resolved the challenge on the merits or by deeming the claim forfeited. Illinois did not supply the district judge with the state court's decision, and the district judge wrote that Harvey's petition "was apparently denied on March 6, 1996." Without having seen a copy of the state judge's order, neither the district judge nor this court can know whether the last state court to review the case has invoked a rule of forfeiture. If it has not done so, then the federal court must resolve the claim on the merits (subject to the limitations in 28 U.S.C. § 2254(d)). Ylst v. Nunnemaker, 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991); Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). The district court observed that if a prisoner who has never presented his constitutional claim to state court files a petition under § 2254, the federal court may apply the state's ordinary rules of forfeiture; otherwise the most complete forfeiture would entitle the petitioner to a decision on the merits. But this principle is inapplicable here, for Harvey did present his ineffective-assistance claim to the state court on collateral review. It is therefore necessary to know whether he lost on forfeiture grounds. Illinois does not require a defendant to make an ineffective-assistance argument on direct appeal if he is still represented by his trial lawyer, or if he needs to supplement the record in order to make a convincing claim. See People v. Erickson, 161 Ill.2d 82, 87-88, 204 Ill.Dec. 231, 641 N.E.2d 455 (1994); cf. Guinan v. United States, 6 F.3d 468 (7th Cir.1993) (same approach in this circuit). We do not know whether Harvey had new counsel on direct appeal or whether enlargement of the record is essential; resolution of these questions in Harvey's favor could have led the state court to reach the merits of the ineffective-assistance claim on collateral attack.
 
 
 3
 The district judge gave an alternative ground of decision: that Harvey's failure to take his collateral attack all the way to the Supreme Court of Illinois forfeited his claim as a matter of federal law. The cases on which the district judge relied for this alternative holding were overruled by Hogan v. McBride, 74 F.3d 144 (7th Cir.1996), a decision the judge did not mention. Hogan reiterates the Supreme Court's conclusion that forfeiture in § 2254 cases is entirely a question of state law. It may be that Illinois would treat failure to appeal from a trial court's denial of collateral relief as a forfeiture, but this question should be addressed on remand with a recognition that principles of state law determine the nature and extent of forfeiture.
 
 
 4
 The judgment of the district court is vacated, and the case is remanded for further proceedings, consistent with this order, limited to the ineffective-assistance claim.