Mack H. TURENTINE, Jr.,
Petitioner–Appellant,

v.

Charles B. MILLER, Superintendent,
Respondent–Appellee.

No. 93–3871.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 15, 1995.

Decided April 2, 1996.

Rehearing Denied May 7, 1996.

Brian A. Statz (argued), Lewis & Kappes, Indianapolis, IN, for petitioner-appellant.

Thomas D. Quigley (argued), Office of Atty. Gen., Indianapolis, IN, for respondent-appellee.

Before ESCHBACH, MANION, and WOOD, Circuit Judges.

MANION, Circuit Judge.

Mack Turentine was arrested in his home after engaging in a drug transaction with a police informant. An Indiana court convicted him of two counts of possession of cocaine with the intent to deliver and sentenced him to two concurrent 30–year terms of imprisonment. Turentine filed a petition to vacate his conviction under 28 U.S.C. § 2254, arguing that his arrest and the subsequent search of his home, during which police officers discovered cash and cocaine, were illegal. The district court held that Turentine's claims are barred by *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). We affirm.

## I. Procedural Default

Turentine complains that his conviction is tainted because he did not have a full and fair opportunity to litigate his Fourth

Amendment claim before the Court of Appeals of Indiana. But as an initial matter, the State of Indiana argues that Turentine has procedurally defaulted his claims. At the time thé case was argued, this Court adhered to the rule that if a petitioner under § 2254 does not present a claim to the highest state court, it is defaulted. *Lostutter v. Peters,* 50 F.3d 392, 394 (7th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 130, 133 L.Ed.2d 79 (1995); *Nutall v. Greer,* 764 F.2d 462, 464 (7th Cir.1985). The State of Indiana argues that Turentine defaulted his claims by submitting an untimely transfer petition to the Indiana Supreme Court.

■ In the recent case of *Hogan v. McBride,* 74 F.3d 144 (7th Cir.1996), we modified the categorical rule that any § 2254 petitioner who fails to present a claim to the highest state court is guilty of a procedural default. Rather, we recognized that procedural default "is a question of a state's internal law." *Id.* at 146. Thus, a § 2254 petitioner's failure to present a claim to the highest state court constitutes a procedural default only if state law requires all claims to be presented to the highest state court. *See id.* In *Hogan,* we concluded that Indiana law "does not demand that parties present every claim of error in petitions for transfer [to the Indiana Supreme Court]." *Id.* Turentine had no duty under Indiana law to present his claims to the Indiana Supreme Court; therefore, his failure to file a timely transfer petition does not constitute a procedural default.

## II. *Stone v. Powell*

■ In *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court established a general rule that criminal defendants may not seek collateral review of Fourth Amendment exclusionary rule claims under § 2254 if they received "an *opportunity for full and fair litigation of*" their Fourth Amendment claims in state court. *Id.* at 494. The Court based its decision on a concern for judicial economy, stating that the "justification [for the exclusionary rule] becomes minimal where ... a prisoner ... previously has been afforded the opportunity for full and fair consideration of his search-and-seizure claim at trial and on direct review." *Id.* at 486. The Supreme Court has not elaborated on the meaning of "opportunity for full and fair litigation." [1]

■ In *Weber v. Murphy,* 15 F.3d 691 (7th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 1865, 128 L.Ed.2d 486 (1994), we established a test for determining when a § 2254 petitioner has received a full and fair opportunity to litigate a Fourth Amendment claim in state court. First, the petitioner must "clearly inform[ ] the state court of the factual basis for ... [his] claim and ... argue[ ] that those facts constitute a violation of ... [his] fourth amendment rights." *Id.* at 694 (*quoting Pierson v. O'Leary,* 959 F.2d 1385, 1391 (7th Cir.), *cert. denied,* 506 U.S. 857, 113 S.Ct. 168, 121 L.Ed.2d 115 (1992)). If he has clearly presented the issue, we then consider whether "the state court has carefully and thoroughly analyzed the facts and ... applied the proper constitutional case law to the facts." *Id.; see also United States ex rel. Bostick v. Peters,* 3 F.3d 1023, 1027 (7th Cir.1993); *cf. Dortch v. O'Leary,* 863 F.2d 1337, 1341–42 (7th Cir.1988), *cert. denied,* 490 U.S. 1049, 109 S.Ct. 1961, 104 L.Ed.2d 429 (1989). If so, the petitioner has received a full and fair opportunity to litigate his Fourth

---

1. The reference in *Stone* to "opportunity for full and fair litigation" was followed by a cite to *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). In *Townsend,* the Supreme Court discussed when an evidentiary hearing is necessary in a federal habeas corpus proceeding (note: a different aspect of the *Townsend* opinion was overruled by *Keeney v. Tamayo–Reyes,* 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992)). One circumstance where an evidentiary hearing is necessary is when "the factfinding procedure employed by the state court was not adequate to afford a full and fair hearing." *Townsend,* 372 U.S. at 313, 83 S.Ct. at 757. The Supreme Court continued, "[t]here cannot even be the semblance of a full and fair hearing unless the state court actually reached and decided the issues of fact tendered by the defendant.... No relevant findings have been made unless the state court decided the constitutional claim tendered by the defendant on the merits." *Id.* at 313–14, 83 S.Ct. at 757–58. At least one court, however, has stated that *Stone* did not necessarily intend to incorporate the full extent of the *Townsend* Court's definition of full and fair hearing. *Palmigiano v. Houle,* 618 F.2d 877, 881 (1st Cir.), *cert. denied,* 449 U.S. 901, 101 S.Ct. 272, 66 L.Ed.2d 132 (1980).

Amendment claim in state court, and federal habeas corpus review is barred by *Stone.*

Turentine argues that the Indiana Court of Appeals denied his Fourth Amendment claims without applying the proper constitutional case law. The officers who arrested Turentine entered his home without a warrant, and the state has not argued that any exigent circumstances justified the entry. Consequently, Turentine now argues, the entry and arrest were illegal, and the drugs and money seized from his house should not have been admitted at trial. *See Payton v. New York*, 445 U.S. 573, 583–87, 100 S.Ct. 1371, 1378–81, 63 L.Ed.2d 639 (1980); *see also New York v. Harris*, 495 U.S. 14, 20, 110 S.Ct. 1640, 1644, 109 L.Ed.2d 13 (1990). He contends that the Indiana Court of Appeals deprived him of a full and fair opportunity to litigate his Fourth Amendment claims because it did not discuss the *Payton* requirement that the home search be supported by either a warrant or exigent circumstances.

■ We do not reach this issue, however, because Turentine has not satisfied the threshold requirement of clearly presenting his Fourth Amendment claims to the state courts. In this appeal, Turentine emphasizes the warrantless *entry* into the home and the subsequent search. But before the Indiana Court of Appeals his argument concentrated almost exclusively on his arrest without probable cause. He did not even cite *Payton* (the only indirect reference was to an Indiana decision that cited *Payton: Mowrer v. State*, 447 N.E.2d 1129, 1131–32 (Ind.App.1983)).[2] The brief attached no significance to the fact that Turentine was arrested *in his home*, which, of course, is the crucial issue under *Payton.* Turentine's present counsel even acknowledged at oral argument that the *Payton* issue was not the focus of the appeal to the Indiana Court of Appeals. While one could argue that the *Payton* issue was at least remotely presented to the Indiana

Court of Appeals,[3] the issue certainly was not "clearly presented" as required by *Weber.* It seems clear that Turentine had a full and fair opportunity to present his *Payton* argument to the Indiana Court of Appeals, but for whatever reason he did not take advantage of it. Thus, federal collateral review of his Fourth Amendment claims is foreclosed by *Stone.*

Because Turentine did not clearly present this claim to the state courts, we need not discuss his argument that the Indiana Court of Appeals denied him a full and fair opportunity under *Weber* by failing to discuss *Payton.* The State of Indiana, however, implicitly urges us to dispense with the *Weber* framework altogether. The State argues that by reviewing Fourth Amendment claims for whether the state court applied the proper constitutional case law, we are essentially engaging in substantive review of every Fourth Amendment claim raised in a § 2254 petition. Several circuits appear to have adopted a stricter standard, holding that federal courts should not review Fourth Amendment claims raised in § 2254 petitions unless the defendant was prevented from litigating his claims in state court "because of an unconscionable breakdown in the underlying [state judicial] process." *Willett v. Lockhart*, 37 F.3d 1265, 1271 (8th Cir.1994) (en banc) (*quoting Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir.1992)), *cert. denied*, 115 S.Ct. 1432 (1995).

■ The *Weber* standard is not a "subversion of the *Stone* rule," *see Willett*, 37 F.3d at 1271, as the Eighth Circuit suggests. *Weber* does not require substantive review of every Fourth Amendment claim raised in a habeas petition. Rather, in *Weber* and the cases that preceded it, we have sought to explicate what the Supreme Court recognized in *Stone* as a very narrow exception to the general rule that a habeas petitioner may not bring Fourth Amendment claims. We have consis-

---

2. The cite to *Mowrer* was prefaced by the statement: "[w]arrantless arrests and searches are proper only when there are exigent circumstances." Indiana Court of Appeals Brief at 11. The brief did not discuss whether warrantless arrests and searches following an allegedly illegal entry of the home are different from warrantless arrests and searches in general.

3. For that reason we refrain from holding that Turentine has procedurally defaulted his claims by not fairly presenting them to the state court. *Cf. Verdin v. O'Leary*, 972 F.2d 1467, 1473–74 (7th Cir.1992).

tently held that a claim is *Stone*-barred if the petitioner simply argues that the state court made a mistake in applying Fourth Amendment law. *See Pierson*, 959 F.2d at 1392; *Dortch*, 863 F.2d at 1342; *United States ex rel. Maxey v. Morris*, 591 F.2d 386, 390 (7th Cir.), *cert. denied*, 442 U.S. 912, 99 S.Ct. 2828, 61 L.Ed.2d 278 (1979); *cf. United States ex rel. Shiflet v. Lane*, 815 F.2d 457, 463 (7th Cir.1987), *cert. denied*, 485 U.S. 965, 108 S.Ct. 1234, 99 L.Ed.2d 433 (1988). Instead, habeas review of Fourth Amendment claims is reserved for instances where the state court made an egregious error (e.g., failed to apply Supreme Court precedent directly on point after the argument was clearly presented), thus effectively depriving the petitioner of the ability to vindicate his federal rights in state court. This is consistent with the understanding of "opportunity for full and fair litigation" adopted by several other courts. *See Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir.1978); *see also Gilmore v. Marks*, 799 F.2d 51, 57 (3d Cir. 1986), *cert. denied*, 479 U.S. 1041, 107 S.Ct. 903, 93 L.Ed.2d 853 (1987); *Ponce v. Cupp*, 735 F.2d 333, 335 (9th Cir.1984); *cf. Riley v. Gray*, 674 F.2d 522, 526 (6th Cir.), *cert. denied*, 459 U.S. 948, 103 S.Ct. 266, 74 L.Ed.2d 207 (1982); *Grimsley v. Dodson*, 696 F.2d 303, 307 (4th Cir.1982) (Ervin, J. concurring), *cert. denied*, 462 U.S. 1134, 103 S.Ct. 3118, 77 L.Ed.2d 1371 (1983). The *Weber* standard is no more than a restatement of the narrow exception set out in *Stone*, and we therefore decline Indiana's request to revisit our definition of "opportunity for full and fair litigation."

In conclusion, Turentine's claims are not barred by procedural default. His failure to clearly present them to the Indiana Court of Appeals, however, precludes us from engaging in federal habeas corpus review of his Fourth Amendment claims. Indiana provided Turentine with a full and fair opportunity to present his claims. He simply did not use it.

AFFIRMED.