**Anselm HOLMAN, Petitioner–Appellant,**

v.

**Thomas PAGE, Menard Correctional Center, Respondent–Appellee.**

**No. 95–2758.**

United States Court of Appeals, Seventh Circuit.

Dec. 3, 1996.

Before CUMMINGS, Circuit Judge, COFFEY, Circuit Judge, MANION, Circuit Judge.

**ORDER**

On consideration of the petition for rehearing and suggestion for rehearing en banc filed by the petitioner-appellant on September 10, 1996, and the answer of the respondent-appellee, a vote of the active members of the court was requested and a majority of the judges in active service have voted to deny a rehearing en banc. All of the judges on the original panel have voted to deny the petition for rehearing. Accordingly,

IT IS ORDERED that the aforesaid petition for rehearing and suggestion of rehearing en banc be, and the same is hereby, DENIED.

DIANE P. WOOD, Circuit Judge, with whom RIPPLE and ROVNER, Circuit Judges, join, dissenting from denial of rehearing *en banc.*

This case presents an important question about the relationship between the Sixth Amendment violation that occurs when a defendant receives ineffective assistance of counsel and the underlying arguments that counsel should have made. The panel holds that ineffectiveness of counsel can never be shown by demonstrating that counsel's performance fell below the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), when the issue counsel failed to raise was based upon the Fourth Amendment, because as a matter of law no "prejudice" results. In my view, this conclusion is inconsistent with the governing Supreme Court law in this area. I would therefore set this case for rehearing *en banc* so that the full court would be able to consider whether such a major shift in analysis is supportable.

The panel's decision squarely conflicts with the Supreme Court's holding in *Kimmelman v. Morrison,* 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986), that defendants may properly base ineffective assistance of counsel claims in a habeas corpus action on the assertion that their attorney failed properly to litigate a Fourth Amendment claim. The Court necessarily rejected the idea that there is a tight linkage between the holding of *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) (rejecting the litigation of Fourth Amendment claims for habeas purposes unless the state had denied a full and fair opportunity to litigate those claims), and a Sixth Amendment claim of ineffective assistance of counsel based on a Fourth Amendment problem. It explained that "[t]he right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process.... Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Id.* at 374–75, 106 S.Ct. at 2582–83. While Justice Powell expressed some different views in his opinion concurring in the judgment, it is important to recall that this opinion did *not* speak for the Court (*i.e.* it was not a "concurring" opinion). It is inappropriate for this court to disregard a clear Supreme Court precedent and choose to adopt instead a separate opinion of one of the Justices.

Other courts of appeals have followed the *Kimmelman* holding, including this Circuit before the present opinion. See *Mason v. Godinez,* 47 F.3d 852, 855 (7th Cir.1995); *United States v. Caggiano,* 899 F.2d 99, 101 (1st Cir.1990); *Laaman v. United States,* 973 F.2d 107, 113 (2d Cir.1992); *Byrne v. Butler,* 845 F.2d 501, 513 (5th Cir.1988); *Fairchild v. Lockhart,* 857 F.2d 1204, 1206 (8th Cir.1988); *United States v. Dixon,* 1 F.3d 1080, 1083 (10th Cir.1993); *Thomas v. Newsome,* 821 F.2d 1550, 1552 (11th Cir.1987). Normally, courts applying the *Kimmelman* standard have, when they deemed it appropriate, denied ineffective assistance claims by finding either (1) that the attorney's conduct was within the range of professional competence tolerated by *Strickland,* (2) that the defendant's Fourth Amendment claim lacked merit, or (3) that even had the evidence been excluded, the defendant would still have been convicted. The panel decision in *Holman v. Page,* 95 F.3d 481 (7th Cir.1996), represents a drastic departure from the three options recognized by *Kimmelman.* For this reason, I respectfully dissent from the denial of rehearing *en banc.*