Chamblin v. New Hampshire          CV-96-181-M   07/15/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


John Chamblin

    v.                                         Civil No. 96-181-M

State of New Hampshire


**O R D E R**


    John Chamblin petitions for a writ of habeas corpus pursuant

to 28 U.S.C.A. § 2254.  He contends that his state court

conviction on one charge of theft by unauthorized taking was

obtained in violation of both his Sixth Amendment right to

effective assistance of counsel and Fourth Amendment protection

from unreasonable search and seizure.  The government moves to

dismiss the petition on grounds that Chamblin's claims are

procedurally barred for failure to exhaust state remedies and,

alternatively, that his Fourth Amendment claim cannot be

relitigated in a habeas proceeding, and is meritless in any

event.  Chamblin moves for summary judgment.[1]  For the following

---

[1]  Although Chamblin characterizes his motion as one for
partial summary judgment, the relief he seeks, in part, is an
order granting his petition for a writ of habeas corpus.  Thus,
he seeks judgment in his favor on both issues raised in his
habeas petition that survived preliminary review, i.e.,
ineffective assistance of counsel, and use of evidence obtained
during an allegedly unconstitutional search of his car.  However,
the main focus of his motion is a claim that he is not receiving
adequate medical care in prison, which is not a cognizable claim
in a habeas corpus proceeding and will not be considered here.
His motion will be construed as one for summary judgment on the
two claims that have been allowed following review.

reasons, the government's motion is granted, and the petition for writ of habeas corpus is dismissed.

## BACKGROUND

Chamblin was arrested on October 10, 1993, for stealing driveway sealant from Rich's Department Store in Concord. His arrest was based on events that began the day before, October 9, 1993, when Officer Mullaney of the Concord Police Department responded to Rich's following a report that several containers of driveway sealant had been taken from an outside display. A witness reported that she saw an African-American male take containers of sealant, put them into a white "tracker-type vehicle," and drive off toward Interstate 393. She gave the license plate number as CME&J. Officer Mullaney was not able to identify the vehicle based upon the plate or to locate it.

The evening of the next day, October 10, Officer Mullaney received another report of a theft of driveway sealant from Rich's involving a male driving a white vehicle with license plate number C+ME+J. The witness reported that the vehicle was heading toward Interstate 393 and possibly toward Northwood. The police later identified the witness who reported the theft as Robert Makarian, a neighbor of Chamblin's in Northwood.

Officer Mullaney stopped a white Geo Tracker with license plate number C-ME+J on Interstate 393 about three miles from Rich's. From the license plate, Officer Mullaney determined that John Chamblin was the owner of the car. When she approached the

2

car, she saw that the driver was an African-American male and that there were four containers of driveway sealant in the car that were similar to the sealant in the Rich's display. Chamblin, who was driving, told Mullaney that he did not know how the sealant came to be in his car. Mullaney placed Chamblin under arrest, seized the containers of sealant, and took Chamblin to the Concord police station. After the Northwood police saw four additional containers of sealant in Chamblin's yard, those containers were also seized.

Chamblin was charged with two thefts of sealant from Rich's. After Chamblin successfully moved to suppress evidence of the sealant taken from his yard, the theft charge based on that evidence was dropped. His motion to suppress evidence of the sealant taken from his car was denied.

Chamblin was dissatisfied with the representation provided by his first attorney and wanted to retain attorney Paul Twomey to defend him, but he was apparently unable to arrange or afford the representation. When his first attorney withdrew, the court appointed an attorney for Chamblin from the office of the New Hampshire Public Defender. Chamblin remained dissatisfied. Chamblin's second attorney's motion to withdraw was granted in July 1994 and a third attorney, Lee Topham (also from the public defender's office), was appointed. Apparently a subsequent motion to clarify the status of counsel was filed and a hearing was held, following which the court entered an order dated October 21, 1994, that states, "After hearing, defendant [states]

3

that he does not object to the continuation of attorney Topham as counsel at this time." Chamblin was represented by Topham at his trial.

In February 1995, Chamblin was convicted of theft of the sealant from Rich's and was sentenced to three and half to seven years in prison.[2] Chamblin filed pro se motions challenging his conviction (despite being represented by counsel). A hearing was held in August 1995 on pending motions, including Chamblin's appointed counsel's motion to withdraw and Chamblin's pro se motion (by letter) asserting ineffective assistance of counsel. The court denied the motion to withdraw and instructed Chamblin to work with his counsel (not Topham but a third attorney appointed from the public defender's office). The court also directed the clerk not to accept pleadings filed by Chamblin pro se while he was represented by counsel.

The New Hampshire Appellate Defender filed a notice of appeal on Chamblin's behalf raising three issues related to: suppression of evidence seized in the stop of Chamblin's car; Officer Mullaney's testimony about suppressed evidence; and sufficiency of the evidence to convict. But, only the second issue was briefed by counsel. Chamblin, however, filed a supplemental pro se brief with the New Hampshire Supreme Court in which he raised the issue of ineffective assistance of counsel, arguing that a conflict of interest existed and that Attorney Topham failed to call necessary witnesses in his defense. The

_____

[2] His sentence was based, in part, on his criminal history.

4

New Hampshire Supreme Court summarily affirmed Chamblin's conviction.

Chamblin, appearing pro se, filed a petition for writ of habeas corpus in this court on April 8, 1996. After initial review, amendment, and further motions, two of Chamblin's claims survived: ineffective assistance of counsel and a Fourth Amendment illegal search and seizure claim based on the evidence taken from his car. In the meantime, on July 1, 1996, Chamblin also filed a pro se petition in state court seeking a writ of habeas corpus raising six issues, including the same ineffectiveness of counsel and illegal search and seizure issues pending in the federal habeas proceeding. He then waived the ineffectiveness of counsel and illegal search and seizure issues in the state proceeding. Those issues were not considered on the merits. The remaining claims were dismissed as procedurally barred.

In the present habeas proceeding in this court, the government has moved to dismiss Chamblin's petition, and Chamblin has moved for summary judgment in his favor.

## DISCUSSION

Chamblin seeks habeas relief on grounds that his defense was prejudiced by ineffective assistance of counsel and by use at trial of evidence taken from his car in violation of his Fourth

Amendment rights.  The government moves to dismiss,[3] asserting that he has not exhausted available state remedies and, alternatively, that his Fourth Amendment claim cannot be relitigated in a habeas proceeding.

## A.    Fourth Amendment Claim

Chamblin argues that the state trial court's failure to suppress four containers of driveway sealant found in his car when he was stopped on October 10, 1993, and the subsequent use of that evidence at trial, violated his Fourth Amendment rights. This court cannot consider a claim "that evidence obtained in an unconstitutional search or seizure was introduced at . . .trial," if the habeas applicant was afforded a full and fair opportunity to litigate that issue in state court.  Stone v. Powell, 428 U.S. 465, 494 (1976); see also Holman v. Page, 95 F.3d 481, 489 (7th Cir.), rehearing denied, 102 F.3d 872 (7th Cir. 1996); cert. denied, No. 96-7873, 1997 WL 71008 (U.S. June 2, 1997).  A "full and fair opportunity to litigate the issue" means that the state process was not hampered by an "intrinsic or systemic infirmity"

---

[3]  As a preliminary matter, the court notes that the government relies on references to state court proceedings in support of its motion to dismiss.  Ordinarily, reliance on matters outside the pleadings in a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to treat the motion as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(b).  An exception exists, however, permitting the court to consider information in the public record, including documents from prior state court cases, without converting a motion to dismiss to one for summary judgment.  See Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993); see also Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994).

6

which prevented appropriate consideration of the issue. <u>Tart v. Commonwealth</u>, 949 F.2d 490, 497 n.6 (1st Cir. 1991); <u>see also</u>, <u>e.g.</u>, <u>Turentine v. Miller</u>, 80 F.3d 222, 225 (7th Cir.) (discussing variations in circuits pertaining to standards of "opportunity"), <u>cert. denied</u>, 117 S. Ct. 394 (1996); <u>Willett v. Lockhart</u>, 37 F.3d 1265, 1270-73 (8th Cir. 1994) (same).

Chamblin, through counsel, moved to suppress the evidence taken from his car on grounds that the stop was based on an unreliable tip from an anonymous caller. The police officer who stopped Chamblin's car on October 10, in response to the caller's report, testified about the circumstances surrounding the call and her stop of Chamblin on the highway. Chamblin's attorney questioned the officer. The court determined that the anonymous call reporting the theft at Rich's was sufficiently reliable to justify an investigatory stop because the caller purported to be an eyewitness to the crime, the police were aware of criminal activity in the area, and the caller provided sufficient information to allow the police officer to identify the suspect car. That same Fourth Amendment issue was included in Chamblin's appeal to the New Hampshire Supreme Court, but was not briefed. The Supreme Court summarily affirmed Chamblin's conviction.

Based on the record presented here, Chamblin was obviously afforded a full and fair opportunity to litigate the suppression issue. Counsel's failure to brief the Fourth Amendment issue on appeal to the New Hampshire Supreme Court does not, of course, mean that the process provided by the state system failed so that

7

Chamblin's opportunity to litigate the issue was lost or compromised.  See Kimmelman v. Morrison, 477 U.S. 365, 382-83 (1986); see also Stone v. Farley, 86 F.3d 712, 717 (7th Cir. 1996), cert. denied, 117 S. Ct. 973 (1997).  (Counsel are under an obligation to the courts not to press meritless issues.)  Accordingly, Chamblin's claim based upon an assertion that his conviction was obtained through the use of evidence that should have been suppressed is dismissed.

## B.    **Ineffective Assistance of Counsel**

Chamblin contends that he was denied effective assistance of counsel beginning with his first counsel's representation in Concord District Court following his arrest on misdemeanor charges, through his representation at trial, and on appeal of his conviction.  The Attorney General contends that Chamblin has not exhausted available remedies as to this claim.  See 28 U.S.C.A. § 2254(b)(1).[4]  More specifically, he argues that Chamblin's actions during state court proceedings deprived the state courts of a fair opportunity to consider the issue.[5]  Thus,

---

[4]  To the extent that the Antiterrorism and Effective Death Penalty Act of 1996 has changed the procedural requirements for habeas proceedings, including the standards for granting an application under § 2254, the amended version of the statute applies to habeas cases pending, such as the present case, at the time of amendment.  See Martin v. Bissonette, No. 96-1856, 1997 WL 280602 (1st Cir., May 29, 1997).

[5]  Chamblin filed a pro se supplemental brief in the direct appeal of his conviction on the issue of ineffective assistance of counsel, which was not included in his counsel's notice of appeal or brief.  Because the New Hampshire Supreme Court

the Attorney General apparently believes that state court remedies are still available to address Chamblin's ineffective assistance claim.[6]

Although the exhaustion requirement of section 2254(b)(1) is not jurisdictional, it serves the principle of comity and provides an important gatekeeping function by assuring that state courts will be provided the first opportunity to make factual findings and legal determinations pertaining to state prisoners' federal rights. See Keeney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992); Allen v. Attorney General of Maine, 80 F.3d 569, 572-73 (1st Cir. 1996). Section 2254, as amended, places great emphasis on state court factfinding and imposes a heavy burden on a petitioner who has failed to fully develop the factual record before seeking federal habeas relief. See 28 U.S.C.A. § 2254(e). For that reason, when, as here, the record of state court proceedings includes no factual development of the issue presented for habeas relief, and it appears that available state

_____

summarily affirmed Chamblin's conviction, it is unclear whether the court considered the merits of the ineffective assistance of counsel issue. Chamblin raised the issue again in his pro se state habeas petition, but then waived it, and the state court dismissed that issue as waived.

[6] It would seem that having raised and waived ineffective assistance of counsel as an issue in his state habeas proceeding, Chamblin would be barred from raising the same issue in another state court proceeding. However, nothing in the pleadings or the record points to state law definitively establishing that such is the case. New Hampshire law, unlike federal law, may well permit successive petitions for habeas relief. As the government relies on the exhaustion requirement, rather than procedural default, see Coleman v. Thompson, 501 U.S. 722, 731-32 (1991), the court declines to undertake a procedural default analysis on the record presented here.

remedies may not have been exhausted, the state court is the appropriate forum for petitioner's claim. Accordingly, Chamblin's petition for habeas relief is denied for failure to exhaust available state remedies. See 28 U.S.C.A. § 2254(b)(1)(A).

## CONCLUSION

The government's motion to dismiss (document no. 28) is granted, Chamblin's motion for summary judgment (document no. 29) is denied. Chamblin's motion for appointment of counsel (document no. 37) is denied as moot. The petition for writ of habeas corpus is dismissed, and the Clerk of Court is directed to close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 15, 1997

cc: John Chamblin
    Patrick E. Donovan, Esq.

10