UNITED STATES of America, ex rel. James DAVIS, Petitioner,

v.

Roger COWAN, Warden, Respondent.

No. 99 C 4146.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 20, 1999.

Chief of Criminal Appeals, Illinois Attorney General's Office, Chicago, IL, for respondent.

James Davis, Menard—MND, Menard, IL, petitioner pro se.

Bridget Linda Field, Illinois Attorney General's Office, Chicago, IL, for respondent.

Prisoner, petitioner pro se.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge.

James Davis—convicted of first degree murder in the Circuit Court of Cook County, Illinois and sentenced to 55 years in prison—petitions this Court for a writ of habeas corpus, arguing that the trial court's failure to suppress his confession violated his Fourth Amendment rights. The trial court found that Davis' arrest was illegal for lack of probable cause. Davis argues that his confession was the fruit of that illegal arrest and was not sufficiently attenuated from it to have been purged of the primary taint, so it should have been excluded from evidence at his trial. Both the state trial and appellate courts rejected this argument, and Davis' petition for leave to appeal the issue to the Illinois Supreme Court was denied as well.

The U.S. Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). The Court observed that the exclusionary rule, meant merely to deter police conduct that violates the Fourth Amendment, is not a personal constitutional right, and that any application of the rule comes too late to redress an injury to one's privacy by a search or seizure. *See id.* at 486, 96 S.Ct. 3037; *Holman v. Page,* 95 F.3d 481, 489 (7th Cir.1996). Because a fair opportunity to

argue for the suppression of evidence at trial and on appeal is enough to deter Fourth Amendment violations by the police, the Court held that in the interests of judicial efficiency such arguments may not be relitigated in a federal habeas action. *See id.* at 494–95. According to the Seventh Circuit, a habeas petitioner is considered to have had an "opportunity for full and fair litigation" of his or her Fourth Amendment claim when "(1) the petitioner has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of the petitioner's fourth amendment rights, and (2) the state court has carefully and thoroughly analyzed the facts and applied the proper constitutional case law to the facts." *Pierson v. O'Leary,* 959 F.2d 1385, 1391 (7th Cir.1992).

■ We conclude that Davis did have an opportunity to fully and fairly litigate his Fourth Amendment claim at the state court level. First, Davis clearly informed both the state trial and appellate courts of the facts underlying his claim that his confession should have been suppressed, and he argued that those facts support a finding that his Fourth Amendment rights were violated. When Davis moved to suppress his confession before the trial, the trial court held a separate attenuation hearing at which it found that Davis' confession was sufficiently attenuated from his illegal arrest and therefore could be admitted into evidence. Davis' attorneys filed an extremely thorough brief on direct appeal, raising all of the issues that Davis argues in the current habeas petition. After the Appellate Court affirmed the trial court's decision to allow the confession into evidence, Davis' attorneys filed a petition for leave to appeal to the Illinois Supreme Court—again supported by a brief that demonstrated very conscientious advocacy and raised the appropriate constitutional questions—but the Illinois Supreme Court declined to review the case.

■ Second, the state courts reviewing Davis' claims carefully analyzed the relevant facts and applied the proper constitutional case law to those facts. The Supreme Court has articulated the factors that courts must consider in order to determine whether a confession is sufficiently attenuated from an illegal arrest so as to be an act of free will, purged of the primary taint of the Fourth Amendment violation. *See Brown v. Illinois,* 422 U.S. 590, 602–04, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). The threshold requirement is that the statement be made voluntarily, but that alone is not enough to break the potential chain of causation between an illegal arrest and a confession—courts must also look at the "temporal proximity" of the illegal act to the confession, the presence of any intervening circumstances, and the purpose and flagrancy of the official misconduct. *See id.* at 603–04, 95 S.Ct. 2254.

A brief discussion of the significance of these factors will help us to evaluate the state courts' treatment of them. First, a lapse of time between an illegal arrest and later confession may help to purge the taint of the illegal arrest by giving the accused an opportunity to reflect on his situation—particularly when other factors negating police coercion, such as *Miranda* warnings, are present. *See People v. Lekas,* 155 Ill.App.3d 391, 108 Ill.Dec. 60, 508 N.E.2d 221, 237 (1987). The case for attenuation is even more compelling where there are intervening circumstances that break the causal connection between the illegal arrest and the confession and thus diminish the taint of any official misconduct, and confrontation of the accused with untainted evidence that induces him to voluntarily confess is considered a legitimate intervening circumstance. *See People v. Austin,* 293 Ill.App.3d 784, 228 Ill.Dec. 42, 688 N.E.2d 740, 743 (1997). Finally, it is important to consider the purpose and flagrance of police misconduct "[b]ecause the primary purpose of the exclusionary rule is to discourage police misconduct, [and] application of the rule does not serve this deterrent function when police action, although erroneous, was not undertaken in an effort to benefit the police at the expense of the suspect's protected rights." *United States v. Fazio,* 914 F.2d 950, 958 (7th Cir.1990).

■ In this case, after the attenuation hearing, the trial court concluded that Davis' confession was sufficiently attenuated from his illegal arrest to be purged of the primary taint and therefore that it could be admitted into evidence. Specifically, the trial court observed that Davis had been given *Miranda* warnings at least three times over the course of his confinement, that in the lengthy period between Davis' arrest and confession the police confronted him with newly discovered evidence—both statements from other witnesses which contradicted statements Davis had made, and physical evidence—upon which he had an ample opportunity to reflect, and that the police did not engage in any misconduct that showed a flagrant disregard for Davis' rights. *See* Davis' Brief to Ill.App.Ct., at 8–9 (transcript excerpt) (attached as Exh. B to Respondent's Answer).

In affirming the trial court's attenuation findings, the Illinois Appellate Court cited *Brown* as critical to its analysis, discussed each of the *Brown* factors and then applied them to the facts of this case. The court found the 31–hour time lapse between Davis' arrest and confession to weigh in favor of attenuation, especially because Davis was confronted with both physical and testimonial evidence uncovered by the police independent of Davis' illegal confinement, upon which he was able to reflect for at least 14 hours without being questioned. The court saw no purposeful and flagrant exploitation of Davis' rights, observing that "[d]etectives repeatedly administered *Miranda* warnings before questioning defendant, and defendant signed a written waiver of rights form. There was no evidence of police misconduct; defendant was provided with food and drink, was given an opportunity to sleep, and was escorted to the washroom at his request." *People v. Davis*, No. 1–97–3772, slip. op. at 7–8 (Ill. App.Ct. Oct. 21, 1998). Balancing all of these considerations together, the court found the facts to support the trial court's finding that Davis' confession was sufficiently attenuated from his arrest to be purged of its taint. *See id.* at 8.

Indeed, the attenuation question is one of degree that "must be answered on the facts of each case," and "[n]o single fact is dispositive." *Brown*, 422 U.S. at 603, 95 S.Ct. 2254. The state courts in this case engaged in the correct constitutional analysis, balancing all of the applicable considerations, so we cannot consider the attenuation issue here. *See Dortch v. O'Leary*, 863 F.2d 1337, 1342 (7th Cir.1988). While Davis would most likely respond that the state courts weighed the critical factors *incorrectly*, we are precluded from entertaining such an argument on collateral review. The Seventh Circuit has repeatedly held "that a claim is Stone-barred if the petitioner simply argues that the state court made a mistake in applying Fourth Amendment law." *Turentine v. Miller*, 80 F.3d 222, 225–26 (7th Cir.1996). Rather, federal courts can review Fourth Amendment habeas claims only if "the state court made an egregious error (e.g., failed to apply Supreme Court precedent directly on point after the argument was clearly presented), thus effectively depriving the petitioner of the ability to vindicate his federal rights in state court." *Id.* at 226. We cannot consider a Fourth Amendment habeas claim on the merits just because we might have reached a different result. *See Dortch*, 863 F.2d at 1342. And the Supreme Court has cautioned against mistrusting the competence of state courts to fairly adjudicate federal constitutional rights, warning us not to assume "that there now exists a general lack of appropriate sensitivity to constitutional rights in the trial and appellate courts of the several States." *Stone*, 428 U.S. at 493–94 n. 35, 96 S.Ct. 3037.

Even if we could evaluate the merits of Davis' arguments that the *Brown* factors were improperly applied, our review would be extremely limited in scope. Under 28 U.S.C. § 2254(d)(1), we can only grant a writ of habeas corpus if the state courts were "unreasonable" in applying clearly established federal law to the facts of a case. We accord state court factual findings a high degree of deference and presume them to be correct, since we cannot second-guess a state trial court's assess-

ment of the credibility of witnesses whose demeanor we did not observe. *See Marshall v. Lonberger,* 459 U.S. 422, 432–34, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983); *Sumner v. Mata,* 455 U.S. 591, 598, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982).

To prevail, Davis would have to show that the state courts' judgments were not even "minimally consistent with the facts and circumstances of the case," *Hennon v. Cooper,* 109 F.3d 330, 335 (7th Cir.1997), or in other words that they were "at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary that a writ must issue." *Hall v. Washington,* 106 F.3d 742, 749 (7th Cir.1997). Once we are convinced that a state court asked the right constitutional question, its conclusion with respect to the specific facts of the case cannot be deemed "unreasonable" so long as it "is one of several equally plausible outcomes." *Id.*

For the foregoing reasons, we deny Davis' petition for a writ of habeas corpus. It is so ordered.